## In re EXCISE LICENSE.

(Superior Court of New York City, Special Term.  June 24, 1895.)

EXCISE BOARDS—REFUSAL OF LICENSE—REVIEW.
　　An excise board will be compelled to issue a license only where refusal of the license is placed on grounds which are clearly arbitrary or illegal, and not where its discretion has been exercised, and not abused.

General decision in reference to review of refusal of license by excise board.

McADAM, J.  Several applications for certiorari and mandamus having been made and declined, it is proper that the rule regulating the granting of such writs should be stated.

The object of the act of 1892 (chapter 401) was not to convert the courts into excise boards, but merely to require a review of their action where an application for a license has been by such boards arbitrarily denied, or denied without good or solid reasons therefor. Section 24.  In the two cases reviewed by this court the refusal to grant the licenses was placed exclusively on the construction of the statute respecting which the board was in error.  The questions presented were entirely of a legal character, which the court, under the act, was bound to decide.  But there are many questions concerning which the action of excise boards will not be disturbed. Such boards must, in the nature of things, determine whether the applicant possesses the qualifications required by section 18 of the act, whether the place is one which ought to be licensed, whether its proximity to a church or schoolhouse or to other saloons in the neighborhood makes it unwise and improper to grant the occupant a license.  The board, with its retinue of inspectors, its facility for inquiry by evidence or otherwise, is peculiarly qualified to pass upon these questions; and their findings thereon must, in all but extreme cases, meet with approval.  At all events, mandamus, which is a writ resting largely in discretion, will lie only where the refusal to license is placed on grounds which are clearly arbitrary or illegal, and not where the discretion of the board has been exercised, and not abused.  The discretion of the court is not to be substituted for that of the excise board.  The legislature has lodged such discretion with the board, and it should remain there, except in a clear or an extreme case of abuse.  Applicants must govern themselves accordingly.